UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5505 CAS (PLAx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | CHASE BANK USA, N.A. v. KELLY ASHTON AND DOES 1-10 INCLUSIVE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| VALENCIA VALLERY | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (Chambers:) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

On June 11, 2010, plaintiff Chase Bank USA, N.A. ("Chase Bank") filed a limited civil action against defendants Kelly Ashton and Does 1 through 10 ("defendant") in Los Angeles County Superior Court alleging breach of contract and common counts to collect an unpaid balance of $19,250.72 on defendant's credit account.  Complaint ¶¶ 7, 10.  Chase Bank alleges that defendant failed to pay an outstanding balance on the credit account as required under the terms of the credit agreement and failed to "dispute any charges that were billed as required under the Federal Fair Billing Act."  Complaint ¶ BC-2.

On July 26, 2010, defendant removed the instant action to this Court.  Defendant's basis for removal is that Chase Bank's complaint "directly references" the Fair Debt Collection Practices Action.  15 U.S.C. § 1692; see Mot. at 2.

The Court has an ongoing obligation to be sure that jurisdiction exists.  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Where there is uncertainty regarding whether the right to removal exists, the action should be remanded to state court.  Id.

As a preliminary matter, the Court notes that there is no basis for removal founded on diversity jurisdiction.  Removal on the basis of diversity jurisdiction requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a)(1); see Matheson, 319 F.3d at 1090.  In the instant case, Chase Bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5505 CAS (PLAx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | CHASE BANK USA, N.A. v. KELLY ASHTON AND DOES 1-10 INCLUSIVE | | |

alleges that the claim is under $25,000 and defendant alleges no facts to demonstrate that the amount in controversy exceeds $75,000. See Complaint ¶ 10. Furthermore, neither defendant nor Chase Bank allege any facts regarding complete diversity of citizenship.

The question of whether the claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to Chase Bank's complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

It appears that Chase Bank's claims do not arise under federal law. Chase Bank's lone reference in its complaint to a federal statute appears insufficient to invoke federal subject matter jurisdiction. See Grable & Sons Metal Prods., Inc., 545 U.S. at 314; Franchise Tax Bd., 463 U.S. at 27–28. Accordingly, defendant is hereby ORDERED to SHOW CAUSE on or before **September 20, 2010** why the instant action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | VRV | |