UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     JS-6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5505 CAS (PLAx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CHASE BANK USA, N.A. v. KELLY ASHTON AND DOES 1-10 INCLUSIVE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (Chambers:) ORDER REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On June 11, 2010, plaintiff Chase Bank USA, N.A. ("Chase Bank") filed a limited civil action against defendants Kelly Ashton and Does 1 through 10 ("defendant") in Los Angeles County Superior Court alleging breach of contract and common counts to collect an unpaid balance of $19,250.72 on defendant's credit account. Complaint ¶¶ 7, 10. Chase Bank alleges that defendant failed to pay an outstanding balance on the credit account as required under the terms of the credit agreement and failed to "dispute any charges that were billed as required under the Federal Fair Billing Act." Complaint ¶ BC-2.

On July 26, 2010, defendant removed the instant action to this Court. Defendant's basis for removal is that Chase Bank's complaint "directly references" the Fair Debt Collection Practices Action. 15 U.S.C. § 1692; see Mot. at 2. On September 1, 2010, the Court issued an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. On September 20, 2010, defendant filed a response to the order to show cause. After carefully considering defendants' arguments, the Court finds and concludes as follows.

The Court has an ongoing obligation to be sure that jurisdiction exists. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Where there is uncertainty regarding whether the right to removal exists, the action should be remanded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          JS-6     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5505 CAS (PLAx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CHASE BANK USA, N.A. v. KELLY ASHTON AND DOES 1-10 INCLUSIVE | | |

to state court.  Id.

As a preliminary matter, the Court notes that there is no basis for removal founded on diversity jurisdiction.  Removal on the basis of diversity jurisdiction requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a)(1); see Matheson, 319 F.3d at 1090.  In the instant case, Chase Bank alleges that the claim is under $25,000 and defendant alleges no facts to demonstrate that the amount in controversy exceeds $75,000.  See Complaint ¶ 10.  Furthermore, neither defendant nor Chase Bank allege any facts regarding complete diversity of citizenship.

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally.  See 28 U.S.C. § 1441(a).  28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The question of whether the claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to Chase Bank's complaint.  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983).  Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 27–28.  As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim."  Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

In this case, the only claims alleged in plaintiff's complaint are for breach of contract and common counts under California law.  Defendant's anticipated defense under a federal statute does not provide a basis for federal jurisdiction.[1]  See Louisville &

---

[1] Defendant states that she will assert plaintiff's failure to provide notice under the Federal Fair Debt Collection Practices Act as a defense to plaintiff's claim.  15 U.S.C. §§ 1692g(a) and (b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      JS-6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5505 CAS (PLAx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CHASE BANK USA, N.A. v. KELLY ASHTON AND DOES 1-10 INCLUSIVE | | |

Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). Moreover, defendant's assertion of a counterclaim based on federal law does not provide for "arising jurisdiction." See Holmes Group, Inc. v. Vornado Circulation Sys., 535 U.S. 826, 831 (2002).

  Accordingly, this case is hereby REMANDED to the Los Angeles County Superior Court.

  IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |